# CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

Linda M. DiFillippo

VS                                                              No.  **6:13-CV-0215 MAD/ATB**

Special Metals Corporation, et al.
_____

**IT IS HEREBY ORDERED that**, pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable ANDREW T. BAXTER, United States Magistrate Judge on **March 29, 2013, at 10:00 A.M.**  All conferences will be conducted by telephone unless the parties are specifically directed to appear. Counsel for the plaintiff is directed to coordinate the initial conference call.  Once all parties are on the conference line, Judge Baxter's chambers can be reached at 315-234-8600.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below.  That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference.  Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier.  Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1) JOINDER OF PARTIES**:  Any application to join any person as a party to this action shall be made on or before the 17th day of May, 2013.

**2) AMENDMENT OF PLEADINGS**:  Any application to amend the pleadings to this action shall be made on or before the 17th day of May, 2013.

**3) DISCOVERY**:  All discovery in this action shall be completed on or before the 31st day of December, 2013.  **(Discovery timetable is to be based on the complexity of the action)**

**4) MOTIONS**:  All motions, including discovery motions, shall be made on or before the 28th day of February, 2014.  **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**:  The action will be ready to proceed to trial on or before the 31st day of March, 2014.  It is anticipated that the trial will take approximately 2 days to complete.  The parties request that the trial be held in Syracuse, N.Y.  **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND**: ___ (YES) / _X_ (NO).

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION?  ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**
Yes, the Court has subject matter jurisdiction because the Summons with Notice indicates that plaintiff is claiming a violation of Title VII of the Civil Rights Act of 1964, as amended.  This action thus arises under the laws of the United States.  This case was removed to the district court pursuant to 28 U.S.C. § 1441.  The parties are subject to the Court's jurisdiction.  Defendant has been served with a Summons with Notice, and has demanded service of a complaint which Plaintiff expects to serve on Defendants on or before March 19, 2013.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**
Plaintiff's position is that plaintiff was discriminated against and retaliated against as a result of filing a charge of discrimination and lawsuit based on gender discrimination against defendant in 2008 and 2009.  Plaintiff alleges she was demoted and later terminated as a result of the filing of the charge and lawsuit.  Defendant denies allegations of liability and asserts as a defense that plaintiff has already arbitrated the very issues identified in her Summons with Notice and that those charges were dismissed by the arbitrator.  Therefore, there is no basis for this lawsuit.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**
Defendant's liability is genuinely in dispute.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS?   ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**
Defendant intends to make a dispositive motion seeking dismissal of the complaint upon a variety of grounds including the basis that an arbitrator has already decided these issues and found them to be without merit.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK?  WHAT ARE THE DAMAGES SOUGHT?**
Plaintiff seeks monetary damages in the sum of no less than $1,000,000 and injunctive and declaratory relief.  Defendant seeks dismissal of the action.

**12) DISCOVERY PLAN**:

    A.    <u>**Mandatory Disclosures**</u>

The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before
<u>April 30, 2013.</u>

    B.    <u>**Subjects of Disclosure**</u>

The parties jointly agree that discovery will be needed to address the following subjects:
<u>Discovery will be needed to address plaintiff's employment history with defendant and the arbitration proceedings that addressed the issues identified in plaintiff's Summons with Notice.</u>

    C.    <u>**Discovery Sequence**</u>

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.
<u>It is not anticipated that discovery will be phased.</u>

    D.    <u>**Written Discovery**</u>

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.
<u>Both parties would seek discovery through the use of interrogatories and requests for production.  Defendant would seek discovery into plaintiff's allegations of retaliation and discrimination as well as into plaintiff's claim for damages.  Plaintiff would seek discovery into the conduct, training, and policies of Defendant related to the allegations of the Plaintiff.  Both parties do not believe it will need to exceed the number of interrogatories permitted under Rule 33.</u>

2127663.1

**E.     Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.
Defendant expects that it will take the deposition of the plaintiff.  Plaintiff expects to conduct a deposition of one or more of defendant's employees.

**F.     Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).
The parties do not seek a variance from the expert disclosure requirements at this time.  Neither party has retained an expert at this time but reserve their rights to do so as discovery proceeds.

**G.     Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information.  This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested.  The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue.  If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.
The parties do not expect a significant amount of electronic discovery to be at issue in this case.

    **H.**    **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order. The parties do not anticipate requesting a protective order at this time.

    **I.**    **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention. The parties do not anticipate court intervention in any discovery related issues at this time.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE?  IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**
Unknown at this time.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**
There are no related cases pending before the Northern District of New York.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**
Not applicable.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT?   Please circle below the prospect for settlement:**

                1-----[2]-----3-----4-----5-----6-----7-----8-----9-----10
           (VERY UNLIKELY) ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ (LIKELY)

    CANNOT BE EVALUATED PRIOR TO DISCOVERY (DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

***COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE.  THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.***

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

    _____    ARBITRATION

    \_\_X\_\_    MEDIATION

    _____    EARLY NEUTRAL EVALUATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on <u>March 14, 2013</u> at <u>via telephone</u>
                                                                                       (Date)          (Place)

and was attended by:

<u>Daniel Flynn, Esq.</u>          for plaintiff(s)

<u>Suzanne M. Messer, Esq.</u>    for defendant(s) <u>Special Metals Corporation</u>
                                                                                               (party name)

_____for defendant(s)_____
                                                                                                              (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.***

Case Management Plan
Form Date – 06/13/2007