**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LINDA M. DIFILLIPO,**

                                        **Plaintiff,**

            **vs.**                                        **6:13-cv-215**
                                                            **(MAD/ATB)**

**SPECIAL METALS CORPORATION;**
**WILLIAM FARLEY; DONALD BIERSTINE,**
**RONALD THOMPSON; NICHOLAS MASCHINO;**
**KEITH DABBS; TERRY WHITE; JOHN DOE(S);**
**and JANE DOE(S),**

                                        **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**BOSMAN LAW FIRM, L.L.C.**                **A.J. BOSMAN, ESQ.**
6599 Martin Street
Rome, New York 13440
Attorneys for Plaintiff

**BOND, SCHOENECK & KING, PLLC**          **BRIAN J. BUTLER, ESQ.**
One Lincoln Center                        **COLIN LEONARD, ESQ.**
Syracuse, New York 13202                  **SUZANNE M. MESSER, ESQ.**
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Linda M. DiFillippo ("Plaintiff") commenced this action against Defendants Special

Metals Corporation ("Special Metals"), William Farley, Donald Bierstine, Ronald Thompson,

Nicholas Maschino, Keith Dabbs, Terry White, and various, unidentified John and Jane Doe

Defendants, asserting a variety of claims arising out of incidents leading up to and including her

eventual termination on June 17, 2011.  Dkt. No. 5 at 11.  Plaintiff's complaint alleges

discrimination and retaliation under Title VII of the Civil Right Act of 1964 ("Title VII"), as amended, Title I and Title V of the Americans with Disabilities Act ("ADA"), as amended, the Rehabilitation Act ("RA"), the New York State Human Rights Law ("NYHRL"), and the New York State Constitution, Art. I, § 11. Dkt. No. 5 at 1–2. Plaintiff seeks compensatory and punitive damages for the injury and harm caused by Defendants, totaling no less than $1,000,000, as well as costs, injunctive and declaratory relief. *See id.* at 1, 14.

Currently pending before the Court is Defendants' motion to dismiss pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6), and 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. No. 17 at 1. Plaintiff opposes Defendants' motion, and cross moves to amend her complaint. Dkt. No. 21 at 2; Dkt. No. 21–4 at 1.

## II. BACKGROUND

Plaintiff is a female who was employed by Defendant Special Metals from about 2005 until her termination on June 17, 2011. Dkt. No. 21–3 at 4, 7.[1] Throughout her employment with Defendant Special Metals, Plaintiff's work performance was at least no worse than the performance of other employees and free from any misconduct. *Id.* On or about February 28, 2006, Plaintiff suffered a hand injury. *Id.* In May of 2006, Plaintiff began working under a restriction and was placed on hand grinding to accommodate her hand injury. *Id.* Said hand injury rendered Plaintiff disabled within the meaning of the ADA, RA, and NYHRL. *Id.*

---

[1] As will be discussed below, since Plaintiff's proposed amended complaint cures many of the deficiencies set forth in Defendants' motion, the Court is granting Plaintiff's motion to amend. As such, the Court has cited to the proposed amended complaint, where appropriate, for the necessary background information.

On or about July 2, 2008, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), charge number 525-2008-00881. *Id.* at 5. Plaintiff was laid off on or about January 31, 2009. *Id.* On or about May 28, 2009, Plaintiff filed a lawsuit alleging gender and disability discrimination based on the 2008 charge of discrimination. *Id.* The lawsuit resulted in Defendants harboring ill will toward Plaintiff and remained pending until on or about September 30, 2011. *Id.* On or about February 4, 2010, Plaintiff applied for the position of Inspector with the Defendant Special Metals. *Id.* Plaintiff was qualified to hold such position. *Id.* Plaintiff was denied the position. *Id.* On or about March 11, 2010 and April 14, 2010, Plaintiff filed additional charges with the EEOC, charge numbers 525-2010-00372 and 525-2010-00372.

By EEOC direction, Defendant Special Metals rehired Plaintiff and made her an Inspector on or about June 14, 2010. *Id.* Unlike similarly situated male inspectors employed by Defendant Special Metals, Plaintiff was constantly shifted among different areas within her department and constantly reassigned to different tasks. *Id.* Additionally, unlike Plaintiff, male employees were excused from the most technically complex tasks in that they were not required to work in the Mark-to-Cut area. *Id.* Further, supervisors and co-workers were told not to answer any questions by Plaintiff and she was to seek out Defendant Maschino instead, a restriction not placed on similarly situated male inspectors. *Id.* at 5–6.

On February 25, 2011, Defendants Farley, Bierstine, Thompson, and Maschino informed Plaintiff that she had been demoted and removed from her position in the inspection department to the utility department. *Id.* at 6. Defendants produced a list of errors allegedly committed by Plaintiff. *Id.* The list of errors was materially different from the list of errors Defendants produced at Plaintiff's arbitration hearing as support for her demotion. *Id.* At this meeting,

Plaintiff then advised these Defendants that she was going to file an EEOC complaint.  *Id*.  Upon information and belief, the decision to demote Plaintiff was made by Defendants Farley, Bierstine, Thompson, Maschino and Dabbs.  *Id*.  On or about March 7, 2011, Plaintiff filed another charge with the EEOC,  charge number 525-2011-00320.  *Id*.  Upon demotion, Plaintiff returned to her utility position and, as a result, was put back on lay- off.  *Id*.  In May of 2011, Plaintiff returned from lay-off for a week and a dozen or more employees informed her that Defendants were looking to get rid of her and approached her stating that "they're gunning for you" and that "she better watch her back."  *Id*. at 6–7.

On or about June 13, 2011, Plaintiff was suspended for allegedly violating Plant Rule 19 by taking company documents home.  *Id*. at 7.  Plaintiff stated in the course of a previous meeting with Defendants Farley, Bierstine and Thompson that she studied her notes regarding the tasks of her new job at home.  *Id*.  Plaintiff was given express permission to take her notes and relevant material home by Defendant White, who later denied the "extent" of the permission he gave.  *Id*.  On June 17, 2011, Plaintiff met with Defendants Farley, Bierstine, and Thompson whereupon her employment was terminated.  *Id*.  Plaintiff contacted Defendant Dabbs protesting her termination and complained that she was not offered a last chance agreement as others were.  *Id*.  Defendant Dabbs stated that there were a "number" of reasons why she was not given a "last chance" but did not elaborate.  *Id*.  Plaintiff scheduled a meeting to speak with Defendant Dabbs, but it was cancelled and Plaintiff was told by Defendant Farley that the decision to terminate her employment would not be revisited.  *Id*.  Upon information and belief, the decision to terminate Plaintiff was made by Defendants Farley, Bierstine, Thompson, and Dabbs.  *Id*.

Plant Rule 19 was not posted as is required by the Plant Rule Book, and it was not available for employee review during Plaintiff's period of employment.  *Id*.  Plaintiff alleges that,

upon information and belief, similarly situated male employees, employees who do not have a disability, and/or employees who have not engaged in protected activity, have neither been suspended nor terminated for violating Plant Rule 19. *Id.* Additionally, Plaintiff alleges that "similarly situated male employees and/or employees who do not have a disability and/or employees who have not engaged in protected activity who committed serious acts of misconduct have not been terminated nor referred to as a 'cunt' as Plaintiff was." *Id.* at 7–8. Plaintiff was also subjected to silent treatment, taunting, and humiliation on a daily basis. *Id.* at 8.

Defendants terminated Plaintiff for alleged misconduct. *Id.* Defendants, upon learning that Debra Bader, an employee of 32 years with the company, was a witness for Plaintiff in her 2009 lawsuit, engaged in actions that forced Ms. Bader to retire prematurely. *Id.*

Plaintiff alleges that Defendants have caused Plaintiff harm, injury and damage, including but not limited to the following:

> (a) Plaintiff has been deprived of income in the form of wages, promotional opportunities and job assignments which were made or denied because of Plaintiff's disability and/or gender and/or in retaliation for protected activity; (b) Plaintiff has suffered physical harm in the form of tension, headaches, stomach aches, sleeplessness, nervousness, anxiety, fear and dread, extreme anxiety, embarrassment, humiliation, degradation, stress, depression, insomnia, anger, fear, family discord and dysfunction, stomach upset, and pain; (c) Plaintiff has been forced to suffer severe emotional distress, mental anxiety, depression, and psychological trauma; (d) Plaintiff has been denied equitable employment compensation, equitable employment terms and conditions and privileges of employment because of her disability and/or gender and/or in retaliation for protected activity; (e) Plaintiff has been subjected to damage to her good name, humiliation, indignity and shame; (f) Plaintiff has suffered injury to her family and community relations amongst her peers and co-workers; (g) Plaintiff has been caused to incur legal fees and medical expenses; and (h) Plaintiff has been otherwise damaged.

*Id.* at 8–9.

# III. PROCEDURAL HISTORY

Plaintiff originally commenced this action against Defendants Special Metals, John Doe(s), and Jane Doe(s), pursuant to New York Civil Practice Law and Rule 305(b) by Summons with Notice, on October 12, 2012. Dkt. No. 1 at 7. Plaintiff alleged in the Summons with Notice that she had been subjected to discrimination and retaliation by Defendants while in their employ, and brought this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Human Rights Law of the State of New York, and contract and common law. *Id.* at 6–7. Defendant Special Metals filed a notice for removal to the Federal District Court of the Northern District of New York on February 26, 2013. Dkt. No. 1 at 3. Plaintiff filed her complaint with this Court on March 19, 2013, adding Defendants Farley, Bierstine, Thompson, Maschino, Dabbs, and White. Dkt. No. 5 at 11. Confirmation of service of summons for Defendants Farley, Berstein, Thompson, Dabbs, and White, were submitted to the Court on May 28, 2013. Dkt. Nos. 8 -12. Confirmation of service of summons for Defendant Maschino was submitted to the Court on June 13, 2013. Dkt. No. 13.

Currently pending before the Court is Defendants' motion to dismiss Plaintiff's third, forth, fifth, sixth, eighth, and eleventh causes of action as brought against Defendant Special Metals, and the complaint in its entirety as against Defendants Farley, Bierstine, Thompson, Maschino, Dabbs, and White, pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6), and 12(c) of the Federal Rules of Civil Procedure. Plaintiff opposes Defendant's motion, and cross moves to amend her complaint.

# IV. DISCUSSION

**A.    Defendants Contentions**

Defendants present the following arguments in favor of dismissal:

**I.**      Plaintiff's third, fourth, fifth, sixth, eighth, and eleventh causes of action alleging disability discrimination against Special Metals must be dismissed due to insufficient process;

**II.**     Plaintiff's Rehabilitation Act claim must be dismissed because the complaint fails to state a claim;

**III.**    The complaint against the individual Defendants must be dismissed for lack of personal jurisdiction;

**IV.**   The complaint must be dismissed against Defendants Bierstine, Dabbs, and Maschino because it was not properly served;

**V.**     Plaintiff's Title VII, ADA, and Rehabilitation Act claims against the individual Defendants must be dismissed; and

**VI.**   The complaint must be dismissed against Defendants Parley, Bierstine, Thompson, Dabbs, and White because they were not named in the summons with notice and because there are no allegations against them.

**B.    Standard of review**

As Defendants have raised a motion to dismiss under Rules 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6) and 12(c), the Court must first address the arguments concerning jurisdictional and service deficiencies under Rules 12(b)(2), 12(b)(4), and 12(b)(5), to the extent they are alleged against each Defendant, before addressing arguments as to the merits made under Rules 12(b)(6) and 12(c).

*1. Lack of Personal Jurisdiction*

Where a party moves to dismiss an action for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of showing

that the court has jurisdiction over the defendant. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Prior to discovery, a plaintiff may survive a Rule 12(b)(2) motion to dismiss by pleading in good faith legally sufficient allegations of jurisdiction. *See id.* (citing *Ball v. Metallurgie Hoboken-Overpelt*, 902 F.2d 194, 197 (2d Cir. 1990)); *see also* Fed. R. Civ. P. 11. That is, where a court relies only upon the pleadings and supporting affidavits, a plaintiff need only make a *prima facie* showing of personal jurisdiction over a defendant. *See Cutco Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir. 1986) (citation omitted); *see also Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005).

"A *prima facie* showing of jurisdiction 'does not mean that plaintiff must show only some evidence of jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction.'" *Tamam v. Framsabank Sal*, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (quotation omitted). Pleadings that assert only "conclusory non-fact-specific jurisdictional allegations" or state a "'legal conclusion couched as a factual allegation'" do not meet this burden. *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998) (quotation omitted). Finally, while a court is to assume the truth of all well-pleaded factual allegations that support a finding of personal jurisdiction, *see Ball*, 902 F.2d at 197, it should "not draw 'argumentative inferences' in the plaintiff's favor," *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992)).

### 2. Insufficient Process and Insufficient Service of Process

"Objections to sufficiency of process under Fed. R. Civ. P. 12(b) (4) must identify substantive deficiencies in the summons, complaint or accompanying documentation." *Gianatasio v. D'Agostino*, No. 11 Civ. 3095, 2011 WL 5244961, *2 (S.D.N.Y. Nov. 2, 2011) (citing *Hilaturas Miel, S.L. v. Republic of Iraq*, 573 F. Supp. 2d 781, 796 (S.D.N.Y. 2008) (citing *Fagan v. Deutsche Bundesbank*, 438 F. Supp. 2d 376, 386 (S.D.N.Y. 2006))). "'[A] Rule 12(b)(4) motion is proper only to challenge noncompliance with the provision of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons.'" *Id.* (quoting Charles A. Wright & Arthur M. Miller, *5B Federal Practice & Procedure* § 1353 (3d ed. 2011)).

"On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient. " *Khan v. Khan*, 360 Fed. Appx. 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F3d 292, 298 (2d Cir. 2005). Rule 4 of the Federal Rules of Civil Procedure states that an individual may be served in a judicial district of the United States by "following state law for serving a summons . . . in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e). Rule 308 of the New York Civil Practice Law and Rules ("CPLR") states that an individual may be served:

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . .

N.Y. C.P.L.R. § 308(2); *see also* N.Y. C.P.L.R. § 308(6) ("'[A]ctual place of business' shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business"). Additionally, service may be effected by "delivering a copy of the summons and of the complaint to the individual personally; . . . leaving a copy of each at the

individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or . . . delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2)(A). The purpose of the service requirements is "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Durant v. Traditional Invs., Ltd.*, No. 88 CIV. 9048, 1990 WL 33611, *3 (S.D.N.Y. Mar. 22, 1990) ("[W]hen a defendant receives actual notice of a lawsuit brought against him, technical imperfections with service will rarely invalidate the service").

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may assert insufficiency of process by motion. "The burden is on the plaintiff to establish that his service was not insufficient. If the court determines that it was insufficient, the court may, but is not required to, dismiss the action. Alternatively, the court may grant leave to allow the plaintiff to cure the insufficiency." *Sajimi v. City of New York*, No. 07–CV–3252, 2011 WL 135004, *3 (E.D.N.Y. Jan. 13, 2011) (internal citations omitted).

### 3. *Failure to State a Claim*

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493

F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not

extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Although a court's review of a motion to dismiss is generally limited to the facts presented in the

pleading, the court may consider documents that are "integral" to that pleading, even if they are

neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v.

Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d

147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the

claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is

entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted).

Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief

above the speculative level," *see id.* at 555 (citation omitted), and present claims that are

"plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955).

Ultimately, "when the allegations in a complaint, however true, could not raise a claim of

entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims

across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

### 4.  *Leave to Amend*

The Federal Rules provide for liberal leave to amend ones complaint, and state that a court should freely grant leave to re-plead "when justice so requires." FED. R. CIV. P. 15(2). It is "well-established that 'outright dismissal for reasons not going to the merits is viewed with disfavor in the federal courts.'" *Harrison v. Enventure Capital Group, Inc.*, 666 F. Supp. 473, 479 (W.D.N.Y. 1987) (quoting *Nagler v. Admiral Corporation*, 248 F.2d 319, 322 (2d Cir. 1957)). For this reason, "dismissals for insufficient pleadings are ordinarily with leave to replead." *Stern v. General Elec. Co.*, 924 F.2d 472, 477 (2d Cir. 1991). Leave to amend a pleading need not be granted, however, if it would be futile to do so. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) (citing *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995)).

## C.    Defendant Special Metals

### 1. Claims of disability discrimination

Defendants contend that Plaintiff's ADA, RA, and NYHRL claims against Defendant Special Metals must be dismissed because they were not included in Plaintiff's summons and notice. *See* Dkt. No. 17-4 at 8. Defendants argue that the summons and notice does not indicate that Plaintiff's lawsuit is premised on disability discrimination under the ADA, RA or NYHRL; rather, her summons "provides notice only of claims of gender discrimination and retaliation based on alleged gender discrimination." *See id.* at 9. As such, Defendants contend that the summons with notice provides an insufficient description of her lawsuit in that she did not sufficiently provide notice that she would claim in her complaint that she was discriminated against on the basis of disability. *See id.*

"Section 305(b) of the N.Y. C.P.L.R. was amended in 1979 so as to provide as follows: 'If the complaint is not served with the summons, the summons shall contain or have attached thereto

a notice stating the nature of the action and the relief sought, and, except in an action for medical malpractice, the sum of money for which judgment may be taken in case of default.'" *Brehm v. Tompkins Consol. Transit, Inc.*, No. 5:12-cv-579, 2013 WL 2898053, *2 (N.D.N.Y. June 13, 2013) (quoting N.Y. C.P.L.R. § 305(b) (McKinney 1990)). "The legislative history behind the 1979 amendments reveals that the New York legislature's intention was to 'bring the provision in[to] harmony with modern notions of notice pleading . . . [by assuring] defendants at least basic information concerning the nature of the plaintiff's claim and the relief sought.'" *Id.* (quoting *Univ. Motors Group of Cos., Inc. v. Wilkerson*, 674 F. Supp. 1108, 1112 (S.D.N.Y. 1987)) (other quotation omitted). "If the notice was defective under Section 305(b), then the Court lacks personal jurisdiction, and must indeed dismiss the complaint." *Id.* (citing *Brady v. Drummer*, 04–CV–1126, 2005 WL 1871183, at *1–4 (N.D.N.Y. Aug. 3, 2005) (Kahn, J.); *Parker v. Mack*, 61 N.Y.2d 114, 117–18 (N.Y. 1984)).

Contrary to Defendants' assertions, the Court finds that Plaintiff's summons with notice adequately apprised Defendant Special Metals of the nature of this action. According to Siegel's Practice Review, when a suit is commenced by a summons with notice, "the complaint comes later, and the general understanding is that this later-served complaint may even include claims not mentioned in the initial notice." Siegel's Practice Review, *Commencement with Mere Notice*, 260 Siegel's Prac. Rev. 4 (August 2013); *see also Brehm*, 2013 WL 2898053, at *2-*3.

In *Brehm*, the defendant brought a motion to dismiss for lack of personal jurisdiction and/or insufficient process for the following two reasons: "(1) Plaintiff's cryptic and vague use of the non-specific designation 'negligence' in the notice, without any accompanying description, was ambiguous and confused Defendant, who could not be expected, based on such a description, to ascertain the nature of the possible cause(s) of action against it, which also included a violation

of the ADA, a violation of the Rehabilitation Act, and negligence per se; and (2) the notice required by C.P.L.R. § 305(b) has an important purpose of ensuring that a defendant is placed on notice of a claim against it and allowed preparation of a defense before evidence is lost, discarded or grows stale." *Brehm*, 2013 WL 2898053, at \*2. Rejecting the defendant's contentions, the court found that "those few New York State Courts that have specifically addressed the issue presented by this action have held that the dismissal of an entire complaint is inappropriate where a notice stated only one of several claims asserted in the complaint." *Id.* at \*3 (citing *Connolly v. Napoli, Kaiser & Bern, LLP*, 817 N.Y.S.2d 872, 875 (N.Y. Sup. Ct., N.Y. Cnty., 2006); *Rowell v. Gould, Inc.*, 508 N.Y.S.2d 794, 795 (N.Y. App. Div., 4th Dept. 1986)). Further, the court noted that "these courts reason that, where a plaintiff has at least tried to describe, in the notice, the nature of the action, he should avoid dismissal due to his failure to fully describe the action." *Id.* (citation omitted). Finally, the court found that "these courts appear to reason that the required particularity of the notice is diminished by the early nature of the action." *Id.* (citing *Grace v. Bay Crane Serv. of Long Is., Inc.*, 785 N.Y.S.2d 472, 473–74 (N.Y. App. Div., 2d Dept. 2004); *Bergman v. Slater*, 609 N.Y.S.2d 737, 737 (N.Y. App. Div., 4th Dept. 1994); *Pilla v. La Flor De Mayo Express*, 595 N.Y.S.2d 678, 678 (N.Y. App. Div., 1st Dept. 1993)).

The Court finds the decision in *Brehm* particularly persuasive. The summons with notice provided Defendant Special Metals with the general nature of this action, *i.e.*, "employment discrimination and retaliation." Although Plaintiff fails to cite to the ADA or RA, while providing specific citation to Title VII, Defendants were sufficiently apprised of the nature of this action; and, therefore, their motion to dismiss on this ground is denied.

Defendants also contend that Plaintiff's claims under the ADA are now time-barred because a claim of disability brought under the ADA must be filed in the district court within

ninety (90) days of the claimant's receipt of a right-to-sue letter from the EEOC. *See* Dkt. No. 17-4 at 10. Plaintiff was issued a right to sue letter on or about July 13, 2012 and July 23, 2012. *See* Dkt. No. 5 at ¶¶ 9, 23. Assuming Plaintiff received the letters three days after they were issued, *see Tiberio*, 664 F.3d at 37, Plaintiff is presumed to have received the letters on July 16 and July 26. As such, Defendants contend that the statute of limitations expired at the latest on October 15, 2012 and October 24, 2012. *See* Dkt. No. 17-4 at 10.

While Defendants may be able to ultimately succeed on this argument in a properly filed motion for summary judgment, the Court finds that it is inappropriate for disposition at this time in light of the limited information presently before the Court. Although Defendants' argument may have some merit, the Court is unable to determine at this time whether Plaintiff's ADA claim should relate back to the filing date of the summons and notice in state court, which would appear to make the claim timely. *See Pintor v. Port Auth. of N.Y. and N.J.*, No. 08-2138, 2009 WL 2595664, *2-*3 (D.N.J. Aug. 20, 2009) (citing cases discussing the relation back doctrine in a factually similar context to the present matter).

Based on the foregoing, Defendants' motion to dismiss on these grounds is denied.

### 2. Claims under the Rehabilitation Act

Defendants assert that Plaintiff fails to state a sufficient claim under the RA because she has not alleged that Defendant Special Metals received federal financial assistance. "In order to establish a violation of § 504 of the Rehabilitation Act, a plaintiff must show: (1) that he has a disability for purposes of the Rehabilitation Act; (2) that he was 'otherwise qualified' for the benefit that has been denied; (3) that he has been denied the benefits 'solely by reason' of his disability; and (4) that the benefit is part of a 'program or activity receiving federal financial

assistance.'" *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998) (quoting *Flight v. Gloeckler*, 68 F.3d 61, 63 (2d Cir. 1995)).

Plaintiff asserts in her complaint that Defendant Special Metals is the recipient of federal government contracts. Dkt. No. 5 at 8. In her proposed amended complaint, Plaintiff alleges that Defendant Special Metals "has accepted financial assistance from a United States' government corporation (Pension Benefit Guaranty Corporation) with respect to its employees' pension plans." Dkt. No. 21-3 at ¶ 14. Financial assistance for purposes of the RA is defined as, in pertinent part, "any grant, loan, contract (other than a procurement contract or a contract of insurance or guaranty), or any other arrangement by which the Department provides or otherwise makes available assistance in the form of" funds or services of federal personnel. 45 C.F.R. § 84.3.

In the present matter, Plaintiff has plausibly alleged that Defendant Special Metals receives financial assistance from the federal government through the Pension Benefit Guaranty Corporation. The Court was unable to find any authority finding that such financial assistance does not fall within the meaning of the RA, and Defendants have failed to provide the Court with such authority. Defendants cite to *McCullough v. Branch Banking & Trust Co., Inc.*, 844 F. Supp. 258 (E.D.N.C. 1993), which held that a guaranteed loan program sponsored by the federal Small Business Administration does not constitute "federal financial assistance" under the Rehabilitation Act. The Eleventh Circuit, however, found the regulation invalid which excluded from the RA's definition of federal financial assistance a "contract of insurance or guaranty." *Moore v. Sun Bank of North Florida, N.A.*, 923 F.2d 1423 (11th Cir. 1991).

Although Defendants may ultimately succeed on this argument, the Court finds that it is inappropriate to dismiss on this ground at this time. As such, the Court denies Defendants'

motion to dismiss Plaintiff's RA claim on this ground and grants Plaintiff's motion to amend the complaint as to her RA claim.

## D.     Individual Defendants

### 1.  Personal Jurisdiction and sufficiency of the complaint

Defendants contend that Plaintiff's complaint should be dismissed in its entirety as to Defendants Farley, Bierstine, Thompson, Dabbs and White because they were not named in the summons with notice and because the complaint does not contain any specific allegations regarding their alleged misconduct.

Upon removal, Plaintiff had 120 days pursuant to Rule 4(m) of the Federal Rules of Civil Procedure to name the individual Defendants and serve them with the complaint.  *See* Fed. R. Civ. P. 4(m).  The time for service runs from the date of removal to federal court, not from the date that the action was filed in state court.  *See Wilhite v. City of Bakersfield*, No. 1:11-CV-1692, 2012 WL 967847, *2 (E.D. Cal. Mar. 21, 2012) (citations omitted).  Since Plaintiff served the individual Defendants within 120 days from the date of removal, the Court denies Defendants' motion on this ground.[2]

Moreover, while this Court agrees with Defendants that the original complaint does not contain any allegations regarding the individual Defendants participation in the alleged

---

[2] Defendants argue that, "[b]ecause Plaintiff commenced this action by Summons with Notice in New York State court and the Summons with Notice is a creature of New York State law, the Court should look at New York law to determine whether [P]laintiff's inclusion of John Doe defendants was sufficient to toll the statute of limitations against the unnamed defendants." *See* Dkt. No. 17-4 at 13.  Had Plaintiff not removed this action to federal court, the provisions to the N.Y. C.P.L.R. to which they cite would undoubtedly apply.  Having decided to litigate this action in federal court, however, Defendants are now bound by the relevant provisions of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court").

misconduct, the Court finds that the proposed amended complaint cures the defects of the original complaint by adding particularized factual allegations pertaining to each individual Defendant relating to Plaintiff's claims under the N.Y.H.R.L. and N.Y. Const. Art. 1, § 11.

As such, the Court denies as moot this aspect of Defendants' motion.

## 2. Service

Defendants argue that the complaint should be dismissed as against Defendants Bierstine, Dabbs, and Maschino because it was not properly served.

### a. Defendants Bierstine and Dabbs

Plaintiff's initial service of Defendants Bierstine and Dabbs, both formerly employed by Special Metals at their Hartford, New York facility, was effected by leaving the summons with a security guard at Special Metals. Dkt. No. 8–12. While not a permissible method of service under the Fed. R. Civ. P. 4(e)(2), this method is compliant with Fed. R. Civ. P. 4(e)(1) as it is allowed for under N.Y.C.P.L.R. §308(2). Defendants contend service was ineffective as to both Defendants because they no longer work at Special Metals in Hartford, New York Dkt. No. 17–4 at 18. Defendant Bierstine is no longer employed by Special Metals and has been working for McWilliams Forge Co., in Rockaway, New Jersey, Dkt. No. 17–1 at 1. Defendant Dabbs was relocated to Special Metals' facility in Huntington, West Virginia and has worked at that location since December 1, 2012. Dkt. No. 17–2 at 2. Plaintiff appears to concede this argument through her request for leave to serve Defendants Bierstine and Dabbs at their new places of business. Dkt. No. 21–4 at 10.

"If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

"While an extension must be granted if the plaintiff meets the standard for a good cause extension, it may be granted if the court exercises its discretionary authority to extend the deadline."  *Stuart v. Paulding*, No. 1:12-cv-25, 2013 WL 1336602, *4 (N.D.N.Y. Mar. 28, 2013) (citing *Carroll v. Certified Moving & Storage, Co., L.L.C.*, No. 04–CV–4446ARR, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005)).  "The Advisory Committee Notes to Rule 4(m) state that courts may 'relieve a plaintiff of the consequences of an application of [the rule] even if there is no good cause shown.'"  *Id.* (quoting Fed. R. Crim. P. 4(m) Advisory Committee's Note (1993 amendments)) (other citation omitted); *see also AIG Managed Market Neutral Fund*, 197 F.R.D. 104, 109 (S.D.N.Y. 2000).  Thus, even if a good cause extension is denied, the Court should nevertheless consider granting a discretionary extension.  A district court may grant an extension in the absence of good cause, but it is not required to do so.  *See Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007).  "In deciding whether to grant such an extension, courts balance justifiable excuses offered by the plaintiff, the length of the delay, and any prejudice to either party."  *Stuart*, 2013 WL 1336602, at *4 (citation omitted); *see also Eastern Refractories, Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999) (factors to consider in granting discretionary extension include any evasive behavior by the defendant, notice and prejudice to the defendant, and whether the claim would be barred).

This action was removed to federal court on February 26, 2013 and Plaintiff's complaint was filed on March 20, 2013. Plaintiff was made aware of the difficulties the process server had with gaining access to the interior of Defendant Special Metals' facility to effect service and the record reflects no further action was taken. Dkt. No. 21–2. Defendants subsequently filed their motion to dismiss on June 28, 2013.

In her memorandum of law in opposition to Defendants' motion, Plaintiff argues "[w]hen our process server attempted to enter the premises at Special Metals, he was refused access to the plant and ended up serving the security official." Dkt. No. 21-4 at 10. Notwithstanding this issue, Plaintiff asserts that she "believed that these Defendants were properly served and lacked any information that they were not until Defendants filed their instant motion." *Id.*

As Defendants point out, it was Plaintiff's choice to serve Defendants in the manner she did, as it was her choice to not take notice of the potential defects in service from her process server or from Defendants' motion to dismiss and immediately request an extension of time to perfect service. However, Plaintiff asserts that, having been terminated in 2011, she "did not have access to any knowledge or information that these Defendants relocated and believed they were still employed by Special[ ] Metals at the New Hartford, New York location." Dkt. No. 21-4 at 10.

Having considered the evidence before the Court and the parties' contentions, the Court finds that Plaintiff should be granted an extension to serve Defendants Bierstine and Dabbs. Although the Court finds Plaintiff's attempted blame-shifting to be misplaced, the Court nevertheless finds that she had no way to know that Defendants Bierstine and Dabbs were no longer employed at the New Hartford facility, thereby establishing good cause. Alternatively, the Court finds that, in its discretion, Plaintiff should be granted an extension of time to serve these

Defendants.  If the Court were to grant Defendants' motion without prejudice, the statute of

limitations will bar any subsequent complaint against them.  Further, Defendants Bierstine and

Dabbs clearly have notice of this action and, considering that this case has not yet begun

discovery, any prejudice to Defendants Bierstine and Dabbs would be minimal.  In light of these

considerations and the general preference for disposition of cases on the merits, the Court grants

Plaintiff's motion to extend her time to serve Defendants Bierstine and Dabbs.  *See DeLuca v.*

*AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 67 (S.D.N.Y. 2010) (citing *Cody v. Mello*, 59 F.3d 13,

15 (2d Cir. 1995)).  Plaintiff shall serve Defendants Bierstine and Dabbs within **thirty (30) days**

of the filing date of this Memorandum-Decision and Order.


### b. Defendant Maschino

Defendants assert that Plaintiff attempted to serve Defendant Maschino pursuant to

Indiana Rule of Trial Procedure 4.1(A)(1).  *See* Dkt. No. 17-4 at 19.  The procedure states that

"[s]ervice may be made upon an individual . . . by . . . sending a copy of the summons and

complaint by registered or certified mail or other public means by which a written

acknowledgment of receipt may be requested and obtained to his residence, place of business or

employment with return receipt requested and returned showing receipt of the letter."  Ind. R.

Trial P. 4.1(A)(1).  Defendants contend, and this Court agrees, that "Plaintiff's filed proof of

service [, Dkt. No. 16] does not include a return receipt showing receipt of the summons and

complaint, which is required to complete service pursuant to Rule 4.1(A)(1)."  Dkt. No. 17–4 at

19.  Plaintiff's supplemental submissions, however, cure the defect in process.  Dkt. No. 21–2 at

10.

As such, the Court denies Defendants' motion to dismiss Defendant Maschino for insufficient process.

### 3. Claims under Title VII, ADA, and the Rehabilitation Act

Defendants contend that Plaintiff's Title VII, ADA, and RA claims against the individual Defendants must be dismissed. Dkt. No. 17-4 at 7. Plaintiff does not dispute this matter in her opposing papers and, in fact, states that she has not asserted claims against Defendants Farley, Bierstine, Thompson, Maschino, Dabbs, White, John Doe(s), and Jane Doe(s) under Title VII, the ADA, or the RA.

As such, Defendants' motion to dismiss these claims as to the individual Defendants is granted.


## V. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 17) is **GRANTED in part and DENIED in part**;[3] and the Court further

**ORDERS** that Plaintiff's motion to amend her complaint (Dkt. No. 21) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff shall file her amended complaint within **SEVEN (7) DAYS** of the filing date of this Memorandum-Decision and Order; and the Court further

---

[3] As a result of this Memorandum-Decision and Order, Plaintiff's claims against the individual Defendants pursuant to Title VII, the ADA and the RA are dismissed.

**ORDERS** that Plaintiff's request for an extension of time to serve Defendants Bierstine and Dabbs is **GRANTED**; and the Court further

**ORDERS** that Plaintiff shall serve Defendants Bierstine and Dabbs within **THIRTY (30) DAYS** of the filing date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 26, 2014
      Albany, New York

**Mae A. D'Agostino**
**U.S. District Judge**